336 February 19, 2026 No. 122

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

M. M.,
*Petitioner-Respondent,*

*v.*

B. J.,
*Respondent-Appellant.*

Multnomah County Circuit Court
24PO05789; A185596

Francis G. Troy II, Judge.

Argued and submitted November 17, 2025.

Laura Graser argued the cause and filed the briefs for appellant.

Diane D. Nguyen argued the cause for respondent. Also on the brief were Nic Arete and Legal Aid Services of Oregon.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this appeal of a Family Abuse Protection Act (FAPA) restraining order, respondent advances two discrete legal theories in contending that the trial court's continuance of the order was erroneous as a matter of law. First, he argues that the heightened standard articulated in *State v. Rangel*, 328 Or 294, 977 P2d 379 (1999), for speech-based contacts applies and that the evidence is legally insufficient under *Rangel* to continue the FAPA order under ORS 107.716(3)(a). Second, and alternatively, respondent posits that, even if *Rangel* is inapplicable, the evidence is legally insufficient for the trial court to find the elements necessary to continue the FAPA order. Respondent's arguments under *Rangel* are unpreserved, and we do not consider them; on the merits, the trial court properly found each of the elements necessary to continue the FAPA order. Therefore, we affirm.

As respondent's counsel conceded at oral argument, his *Rangel* arguments were not preserved below, so we proceed to his arguments on the merits, which are not well-taken.

Oregon's FAPA statute permits the trial court to continue a petitioner's restraining order after a contested hearing if the court finds that three elements have been met by a preponderance of the evidence: (A) the respondent committed at least one incident of "abuse," as defined by ORS 107.705(1), within 180 days prior to filing the petition; (B) "[t]he petitioner reasonably fears for the petitioner's physical safety"; and (C) "[t]he respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child." ORS 107.716(3)(a) (FAPA continuation elements); ORS 107.710(1) (specifying 180-day time limitation).

Respondent challenges the legal sufficiency of the evidence to support the trial court's findings of each of the three elements required under ORS 107.716(3)(a). Respondent does not request, nor does this case warrant, *de novo* review. ORAP 5.40(8)(c) (court exercises discretion to conduct *de novo* review only in exceptional cases). Therefore, we review the trial court's conclusions supporting a FAPA

order for legal error and are bound by the trial court's express and implied factual findings if they are supported by any evidence in the record. *J. V.-B. v. Burns*, 284 Or App 366, 367, 392 P3d 386 (2017).

A detailed recitation of the facts is not necessary to this memorandum disposition, which includes only that context required to understand our ruling, which involved an incident between the parties at a daycare drop-off for their joint child that alarmed bystanders.

Despite acknowledging the correct standard of review, respondent provides an argument that requires reweighing the evidence while blaming the victim for any consequences for his behavior. He sets out the evidence as he believes it should be interpreted and argues that his "explanation for why he was [at the daycare on the relevant day] makes more sense and does not require a different view of the facts." He mischaracterizes and provides his own analysis of the relevance of the bystanders' behavior, and then suggests that petitioner's fear was based merely on a recent revelation about the abusive history she had with respondent, implying that the reality of that abuse is irrelevant. He also downplays that abuse by blaming petitioner for seeking out the relationship when she was 15 years old, which is irrelevant to the issue of whether respondent abused petitioner on the date in question.

Respondent's arguments fail under applicable law and in light of our standard of review; indeed, we question whether the arguments are made in good faith. Suffice it to say that the predicate incident is enough, on its own, to meet the elements required under the FAPA statute. That conclusion is bolstered by the parties' history under the totality of the circumstances. Based on petitioner's testimony, bystanders' testimony, and other evidence in the record regarding the daycare incident, the trial court found facts sufficient to support its conclusion that all elements of the FAPA restraining order had been met by a preponderance of the evidence, including that the incident rose to the level of abuse as defined in ORS 107.705(1), that petitioner reasonably feared for her physical safety, and that respondent represented a credible threat to petitioner. The trial court

explicitly credited petitioner's testimony as supported by the testimony of the two bystander witnesses and implicitly rejected respondent's testimony contradicting petitioner's view of events as less credible than petitioner's account. The trial court's findings were well supported by evidence and the applicable law.

Affirmed.